E-Filed: **11/13/2008**

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Vernetta Steele,** ) | CASE NO. CV 03-2474-GHK (Ex) |
| Plaintiff, ) | |
| v. ) | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| **Michael Chertoff, et al.,** ) | |
| Defendants. ) | |

    We granted summary judgment in favor of Defendants on May, 23, 2006 as to all, except two, of Plaintiff Vernetta Steele's ("Plaintiff") claims. Plaintiff's remaining claims are (1) race, color and gender discrimination under Title VII of the Civil rights act, 42 U.S.C. § 2000e-16, and (2) retaliation under the same statute because of an EEO complaint she filed in 1998 alleging various forms of discrimination. Plaintiff was allegedly not appointed to the position of District Adjudication Officer GS-7 ("DAO-7") and her term in her then current position was not extended because of the alleged discrimination and retaliation. We had trial on those claims on May 27, 2008, and resumed trial November 4-5, 2008, after we appointed counsel for Plaintiff. At the bench trial, we heard testimony and received evidence concerning both claims. Having considered the record, as well as observed the manner and demeanor of the witnesses, we find and conclude as follows:

A. Findings of Fact:

1. Plaintiff was employed as a term employee by the then United States Immigration and Naturalization Service ("Service") on February 20, 2006.

2. Plaintiff was absent from work at the Service for at least 1508 hours between February of 1996 and December of 1999.

3. During the period of Plaintiff's employment, there was a great need for Service employees to be consistently present, given the backlog of naturalization applications and the pressure from Congress to decrease that backlog.

4. Plaintiff's absence from work impeded the mission of the Service.

5. Of the 1508 hours of work Plaintiff missed, 448 hours of work were designated as Leave Without Pay, and 1160 hours were designated as Absent Without Leave ("AWOL").

6. Even if Plaintiff's AWOL hours that are purportedly covered by Plaintiff's Doctor's notes were converted into Leave Without Pay time, as Plaintiff argues they should have been, Plaintiff still would have hundreds of unaccounted for AWOL hours.

7. We disbelieve and discredit Plaintiff's assertion that Araceli Cobian and Preston Wade Prater said words to the effect that Plaintiff was a black unmarried female who needed a husband. We credit Araceli Cobian and Preston Wade Prater's testimony that these statements, or other like statements, were not made by them or anyone else to their knowledge.

8. Plaintiff received satisfactory performance reviews at all annual performance reviews.

9. Lynette Thompson was a dark skinned, African-American woman who was not recommended for a one-year term extension in September of 1999, on the basis of excessive tardiness. There is no factual basis that her tardiness was a pretext for discrimination, or even incorrect.

10. Ms. Thompson and Plaintiff were the only black term employees under the supervision of Araceli Cobian.

11. The refusal to extend Plaintiff's term for one year, in September of 1999, was not motivated by Plaintiff's race, gender, color, or because Plaintiff had previously filed an EEO complaint alleging various forms of discrimination.

12. As for the DAO-7 position, the eligibility rankings for that position were made by the Office of Personnel Management ("OPM") with no input by the Service.

13. Plaintiff was ranked 74 out of 120 candidates for the DAO-7 position. Only 10 people were selected for that position, and veterans were given a preference in hiring. Plaintiff was not selected, even though she was qualified, because she was too low on the OPM eligibility list.

14. The Service was not motivated by race, color or gender animus when it failed to hire Plaintiff for the DAO-7 position, nor was it motivated by a desire to retaliate against Plaintiff for filing an EEO complaint.

15. Because Araceli Cobian and Preston Wade Prater did not act with a retaliatory motive or because of race, gender, or color discrimination, with regards to the extension of her Plaintiff's term appointment, there can be no taint that would infect the Service's decision to not select Plaintiff for the DAO-7 position.

B. Conclusions of Law:

1. We have subject matter jurisdiction over this matter, as this action arises under the laws of the United States, as well as personal jurisdiction over the parties. Similarly, venue is proper in the Central District of California.

2. Title VII states, "All personnel actions affecting employees . . . in executive agencies . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16 (2006). To make out a case of discrimination Plaintiff must show that her race, color or

|   |   |   |
|---|---|---|
| 1 |   | gender was the sole reason, or a motivating factor, to not hire or fail to |
| 2 |   | extend her term.  *See Costa v. Desert Palace, Inc.*, 299 F.3d 838, 856–57 |
| 3 |   | (9th Cir. 2002) (en banc). |
| 4 | 3. | Title VII also prohibits retaliation against an employee for activity protected |
| 5 |   | by Title VII.  To make out a prima facie case of retaliation, Plaintiff must |
| 6 |   | show (1) she engaged in a protected activity, (2) her employer subjected her |
| 7 |   | to an adverse employment action, and (3) a causal link exists between the |
| 8 |   | protected activity and the adverse action.  *See Ray v. Henderson*, 217 F.3d |
| 9 |   | 1234, 1240 (9th Cir. 2000). |
| 10 | 4. | Plaintiff alleges that her term appointment was not extended for an extra |
| 11 |   | year because she was discriminated against for being an African-American, |
| 12 |   | dark-skinned, woman, and as retaliation for her filing an EEO complaint |
| 13 |   | regarding the alleged discrimination.  Plaintiff has failed to prove an |
| 14 |   | essential element of the discrimination claim because we have found as a |
| 15 |   | matter of fact that the failure to extend her employment was not motivated |
| 16 |   | by color, racial, or gender discrimination.  Similarly, Plaintiff has failed to |
| 17 |   | prove an essential element of her retaliation claim because we have found as |
| 18 |   | a matter of fact that the failure to extend her employment was not motivated |
| 19 |   | by retaliation for her filing of an EEO complaint.  Based on the findings of |
| 20 |   | fact Plaintiff has not proven, by a preponderance of the evidence, that the |
| 21 |   | Service's decision to not extend her term for another year was (1) motivated |
| 22 |   | by any race, gender, or color discrimination, or (2) in retaliation for her prior |
| 23 |   | EEO activity.. |
| 24 | 5. | Plaintiff also alleges that she was not selected for the DAO-7 position |
| 25 |   | because she was discriminated against for being an African-American, dark- |
| 26 |   | skinned, woman, and as retaliation for her filing an EEO complaint |
| 27 |   | regarding the alleged discrimination. Again, Plaintiff has failed to prove an |
| 28 |   | essential element of the discrimination claim because we have found as a |

1  matter of fact that the failure to hire Plaintiff for the DAO-7 position was not
2  motivated by color, racial, or gender discrimination.  Similarly, Plaintiff has
3  failed to prove an essential element of her retaliation claim because we have
4  found as a matter of fact that the failure to hire Plaintiff for the DAO-7
5  position was not motivated by retaliation for her filing of an EEO complaint.
6  Based on the findings of fact, Plaintiff has not proven, by a preponderance of
7  the evidence, that the Service's decision to not hire her for the DAO-7
8  position was (1) motivated by any race, gender, or color discrimination, or
9  (2) in retaliation for her prior EEO activity.

10  To the extent any finding of fact can be construed as a conclusion of law, or any
11 conclusion of law can be construed as a finding of fact, it shall be so construed.  Based on
12 our findings of fact, Plaintiff cannot establish by a preponderance of the evidence that she
13 was subjected to adverse employment action based on discrimination or retaliation.
14 Therefore, she is not entitled to any relief.  Accordingly, we shall enter judgment in favor
15 of Defendants.

17  **IT IS SO ORDERED.**

19 DATED: November  13 , 2008

_____
GEORGE H. KING
United States District Judge